IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10366
Summary Calendar

_____


LINZY E. LINCOLN,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, Director, Texas
Department of Criminal Justice,
Institutional Division,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-243
- - - - - - - - - -
October 20, 1998

Before JOLLY, SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

     Linzy E. Lincoln, Texas prisoner no. # 265570, requests a

COA to appeal the district court's denial of his petition for

habeas corpus for failure to obtain permission from this court to

file a successive petition.  Lincoln argues that (1) the trial

court "breached it[s] plea bargain agreement," (2) the state

breached the plea agreement, (3) the trial court lost

jurisdiction when it amended the indictment, (4) the trial court

should have quashed the indictment, (5) the jury improperly

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

considered parole laws, (6) Lincoln was denied a fair trial because the jury foreman admitted to having been a robbery victim, (7) the state improperly informed the jury of three prior robberies, (8) Lincoln was improperly denied a good time credit, (9) Lincoln was denied effective assistance of counsel for five separately enumerated reasons.

The district court denied Lincoln's petition because it was successive and Lincoln had failed to receive permission from this court to file it pursuant to 28 U.S.C. § 2244(b)(3)(A). After the district court's order dismissing the instant case, this court denied Lincoln's request to file a successive petition to assert errors which allegedly occurred during his trial. In re Lincoln, No. 98-00137 (5th Cir. Apr. 15, 1998). This court, however, denied as unnecessary Lincoln's request that he be allowed to file a petition concerning calculation and/or denial of his parole. Id.; see In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (challenge to disciplinary proceedings that became final subsequent to a prior habeas petition is not "second or successive" petition).

Because Lincoln did not need permission to file his petition regarding the issue of calculation of his parole, the district court erred in dismissing the petition as it related to that issue. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997) Lincoln, however, has failed to make a credible showing that the district court erred in dismissing his other habeas claims.

COA is DENIED as to all issues involving allegations of errors occurring at Lincoln's trial. COA is GRANTED as to

Lincoln's arguments regarding parole and good time credit calculation, and the district court's decision regarding Lincoln's parole claim is VACATED AND REMANDED for consideration of this claim on the merits.

COA GRANTED IN PART AND DENIED IN PART; PAROLE CLAIMS VACATED AND REMANDED.